■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered March 21, 1984, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought the suppression of identification testimony.

Judgment reversed, on the law, that branch of the defendant's omnibus motion which was to suppress the complainant's station house identification of the defendant granted, and a new trial ordered.

Contrary to the holding of Criminal Term, the showup conducted by the police at approximately 8:15 P.M. on March 24, 1983, was not justified by what Criminal Term described as "exigent circumstances". The facts that the showup was conducted an hour after the crime was committed and that the complainant was being returned home in a police car at the time the defendant and his accomplice arrived at the station house, did not relieve the police of the obligation, absent any indication that it would have been unduly burdensome, "to form some kind of lineup" (see, People v Adams, 53 NY2d 241, 249). The suggestiveness of the particular showup was particularly egregious in view of the fact that prior thereto, the police advised the complainant that they were returning to the station house because they had found "two of the guys of the description" that she had given the police (see, People v Adams, supra, p 248; People v Lebron, 46 AD2d 776) and

because both the defendant and his accomplice, who are black, were shown together to the complainant while surrounded by several white uniformed police, and while handcuffs were dangling from their hands *(see, People v Adams, supra; People v Osgood,* 89 AD2d 76, 81).

Nor can the erroneous denial of the defendant's motion to suppress testimony regarding the showup identification, which is an error of constitutional magnitude *(see, People v Ballott,* 20 NY2d 600), be considered harmless. The defendant's conviction rested on the testimony of one witness whose credibility was seriously impeached during the trial through, *inter alia,* evidence indicating that she had misidentified the chain found on the defendant's person at the time of his arrest as the chain taken from her during the robbery. Under the circumstances, a reasonable possibility existed that the constitutional error contributed to the defendant's conviction, and a new trial is therefore warranted *(see, People v Almestica,* 42 NY2d 222). Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.