■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY ALSTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered January 3, 1984, convicting him of robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were for the suppression of physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied the branch of the defendant's motion which was to suppress the physical evidence seized. Upon observing the defendant's car, which met the description of a gray and black Buick used in a robbery 30 minutes earlier and less than a mile distant, and which was in violation of several provisions of the Vehicle and Traffic Law (see, Vehicle and Traffic Law §§ 386, 402, 1164), the officers were justified in making an investigative stop of that vehicle (see, People v Sobotker, 43 NY2d 559, 563; People v Seruya, 113 AD2d 777, 779). The driver's attempt to evade the police by speeding away, the officers' observation of a second black male in the vehicle, the attempt by both male occupants to run when their vehicle was forcibly stopped, and the officers' observation of a shotgun on the floor of the vehicle raised the level of suspicion to probable cause to arrest the defendant (see, People v De Bour, 40 NY2d 210, 223).

Under these circumstances, where the arrest was made after midnight only a short distance from the police station, the prompt station house showup was not violative of the defendant's due process rights, and generated reliable identifications of the defendant (see, People v Soto, 87 AD2d 618, 619; People v Digiosaffatte, 63 AD2d 703). Although the placement of two suspects together in a room for viewing increases the degree to which the procedure is suggestive (see, People v Adams, 53 NY2d 241; People v Brown, 121 AD2d 733), we conclude that, under the facts of this case, the use of such a

procedure did not create a risk of misidentification or render the identifications unreliable (see, People v Brnja, 70 AD2d 17, 23, affd 50 NY2d 366). The hearing court was correct in finding that both witnesses had an independent source for their in-court identifications of the defendant. Even if the showup procedure employed was suggestive, the evidence viewed as a whole is so strong as to leave no reasonable possibility that evidence of the showup contributed to the conviction (see, People v Crimmins, 36 NY2d 230).

We have considered the defendant's remaining contentions and find them to be either unpreserved or without merit. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.