■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BARRETT, Appellant. [622 NYS2d 734] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered December 11, 1991, convicting him of burglary in the first degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Feldman, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is reversed, on the law, that

branch of the defendant's motion which was to suppress the identification testimony of the witness Totillo is granted, and a new trial is ordered.

Following a pretrial *Wade* hearing, the hearing court (Feldman, J.) precluded both out-of-court and in-court identification testimony by the complainant Gredder because the People had failed to serve a CPL 710.30 notice regarding Gredder's initial identification of the defendant at the time of his arrest. As the People did not demonstrate any exceptional circumstances to warrant the trial court overruling a determination made by the hearing court, Gredder's in-court identification should have been excluded, along with his original out-of-court identification of the defendant *(see, e.g., People v Johnson,* 148 AD2d 304; *People v Finley,* 104 AD2d 450; *see also, People v Bernier,* 141 AD2d 750, *affd* 73 NY2d 1006). This is so notwithstanding the existence of an independent basis for Gredder's identification *(People v Bernier, supra,* at 754; CPL 710.30 [3]).

In addition, the hearing court erred in refusing to suppress testimony by the eyewitness Totillo based upon a precinct showup that was inherently suggestive. The defendant, a black man, was displayed seated in a chair, while one or more white detectives stood around him. Not only was this showup not excused by any exigent circumstances, but the defendant had already been identified as the perpetrator, so that no immediate identification was necessary; and the People failed to carry their heavy burden of showing what steps they took to ensure that the identification was free of suggestiveness and exploitation *(see, e.g., People v Riley,* 70 NY2d 523; *People v Gildersleeve,* 143 AD2d 361; *People v Liano,* 142 AD2d 602; *People v Lorick,* 142 AD2d 501; *People v Guillermo,* 137 AD2d 832; *People v Brown,* 121 AD2d 733). Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.