■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO SEARLES, Appellant. [662 NYS2d 601] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered November 13, 1995, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At the trial, both the victim and an eyewitness to the crime identified the defendant. The eyewitness also testified as to her detailed description of the perpetrator, which she gave the police prior to the defendant's arrest, and which matched the defendant's appearance. The eyewitness also testified as to her two pretrial identifications of the defendant, first in an on-the-street showup shortly after the crime, and next at the station house. The defendant claims that the station house showup was suggestive.

Assuming arguendo that the defendant's contention has merit (*see, People v Barrett*, 212 AD2d 621), the station house identification procedure could not have tainted the eyewitness's prior description of the perpetrator (*see, People v Myrick*, 66 NY2d 903), nor her prior identification of the defendant in the on-the-street showup (*see, People v Moss*, 80 NY2d 857). Indeed, the defendant does not, on appeal, challenge the reliability of the on-the-street showup identification.

In view of the untainted identification testimony by the eyewitness, which was corroborated by the victim's untainted incourt identification, any error in the admission of tainted identification testimony was harmless beyond a reasonable doubt (*see, People v Crimmins*, 36 NY2d 230).

The defendant's remaining contention is without merit. O'Brien, J. P., Sullivan, Goldstein and Luciano, JJ., concur.