■ In the Matter of SHYANN S., Respondent. PRESENTMENT AGENCY, Appellant. [856 NYS2d 867]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Presentment Agency appeals from an order of the Family Court, Kings County (Turbow, J.), dated July 27, 2007, which, after a hearing, granted that branch of the respondent's omnibus motion which was to suppress identification testimony and dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, that branch of the respondent's omnibus motion which was to suppress identification testimony is denied, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

Showup procedures are permissible when, as here, they are conducted in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification and they are not unduly suggestive (*see People v Allen,* 73 NY2d 378, 380 [1989]; *Matter of Vanna W.,* 45 AD3d 855 [2007]; *Matter of Jessica P.,* 45 AD3d 851 [2007]; *People v McCoy,* 30 AD3d 441 [2006]). Contrary to the respondent's contention, the fact that the showup involved a simultaneous viewing of her by the two complainants did not render it unduly suggestive "given the exigent circumstances" (*People v Fox,* 11 AD3d 709, 709 [2004]; *see also People v Cleon,* 281 AD2d 554, 555 [2001]; *People v Leon,* 265 AD2d 344, 345 [1999]).

In view of all the circumstances involved herein, the Presentment Agency met its burden of demonstrating that the showup identification procedure was reasonable and not unduly suggestive (*see People v Ortiz,* 90 NY2d 533, 537 [1997]; *see also People v Duuvon,* 77 NY2d 541 [1991]; *People v Chipp,* 75 NY2d 327, 355 [1990], *cert denied* 498 US 833 [1990]; *Matter of Keiana D.,* 47 AD3d 810 [2008]; *People v Alston,* 128 AD2d 791, 791-792 [1987]). Therefore, the Family Court erred in suppressing the identification testimony and dismissing the petition. Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.