THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK MITCHELL, Appellant.

16

(Argued October 15, 1934; decided November 27, 1934.)

*Joseph P. Brennan, Jr., Samuel W. Greenwald* and *Bernard Aronson* for appellant.   The constitutional rights of the defendant were invaded in that he was tried by a jury other than the common law jury provided for in the Constitution of the State of New York (N. Y. Const. art. 1, § 2).   (*Stokes* v. *People,* 53 N. Y. 164; *Brown* v. *State,* 62 N. J. L. 666; *Thompson* v. *Utah,* 170 U. S. 343; *People* v. *Cosmo,* 205 N. Y. 91; *Stephens* v. *People,* 19 N. Y. 549; *People ex rel. Battista* v. *Christian,* 249 N. Y. 314; *Cancemi* v. *People,* 18 N.Y. 128; *Hill* v. *People,* 16 Mich. 351; *Vose* v. *Cockcroft,* 44 N. Y. 415; *People* v. *Bork,* 96 N. Y. 188; *Maurer* v. *People,* 43 N. Y. 1.)

*William Copeland Dodge, District Attorney (John C. McDermott* of counsel), for respondent.   Section 358-a of the Code of Criminal Procedure is constitutional. (*People* v. *Peete,* 54 Cal. App. 333; *People* v. *Toledo,* 150 App. Div. 403; 206 N. Y. 661.)

O'BRIEN, J. Defendant has been convicted of murder in the first degree and a careful study of the record and briefs satisfies us that the verdict is fully supported by the evidence and that the trial is free from reversible error in the charge and in the rulings on admission and exclusion of evidence. Expression of opinion, however, is required in respect to the constitutionality of section 358-a of the Code of Criminal Procedure, as added by Laws of 1933, chapter 588, and the effect of the operation of this statute upon defendant's substantial rights. This is the language of the statute: " Whenever, in the opinion of a judge of a court of criminal jurisdiction about to try with a jury a defendant against whom has been filed any indictment or information for a felony, the trial is likely to be a protracted one, the court may cause an entry to that effect to be made in the minutes of the court, and thereupon, immediately after the jury is impaneled and sworn, the court may direct the calling of one or two additional jurors, in its discretion, to be known as ' alternate jurors.' Such jurors must be drawn from the same source, and in the same manner, and have the same qualifications as the jurors already sworn, and be subject to the same examination and challenges. Such alternate jurors shall be seated with the jurors, with equal power and facilities for seeing and hearing the proceedings in the case, and shall take the same oath as the jurors already selected, and must attend at all times upon the trial of the cause in company with the other jurors; and for a failure so to do are liable to be punished for contempt. They shall obey the orders of and be bound by the admonition of the court upon each adjournment of the court; and if the regular jurors are ordered to be kept in the custody of the sheriff during the trial of the cause, such alternate jurors shall also be kept in confinement with the other jurors; and except, as hereinafter provided, shall be discharged upon the final submission of the case to the jury. If, before the final submission of the case,

a juror die, or become ill, or for any other reason he be unable to perform his duty, the court may order him to be discharged and draw the name of an alternate, who shall then take the seat of the discharged juror in the jury box, and be subject to the same rules and regulations as though he had been selected as one of the original jurors."

Two alternate jurors were selected in the manner provided by section 358-a and, when the original twelve retired for deliberation, the alternates were discharged. In all respects throughout the trial there was compliance with the provisions of the statute. There is not the slightest evidence, not even an assertion, that either of these alternates attempted in any way to influence any of the twelve.

Trial by jury in all cases in which it has been heretofore used shall remain inviolate forever (N. Y. Const. art. I, § 2). If defendant was tried otherwise than by a common law jury of twelve men he has been convicted without due process of law. In *Cancemi* v. *People* (18 N. Y. 128) the verdict against the defendant was rendered by only eleven jurors. In *People ex rel. Battista* v. *Christian* (249 N. Y. 314) the prisoner was not even indicted by a grand jury and was not convicted by any kind of jury. Those decisions, therefore, can have no application to the facts now before us. This defendant was not tried by a jury of fourteen men. Only twelve participated in the rendition of the verdict and they are the same twelve originally selected for the performance of that service. Each heard all the evidence and at no time during the course of the trial did any one of them cease to function as a juror. The process of selection is a matter to be regulated by statute (*People* v. *Cosmo*, 205 N. Y. 91, 99), and each of these twelve was accepted in accordance with the legislative requirements. " He has had a trial conducted according to the established forms of law, and his guilt has been certified, upon competent and sufficient evidence, by a jury of twelve in number who were capable of deciding

his case fairly and impartially. That is all that was guaranteed to him by the Constitution." (*People* v. *Cosmo, supra,* pp. 103, 104.)

The provisions of section 358-a are included as part of the criminal procedure in many of the States (see *People* v. *Peete,* 54 Cal. App. 333), are not only convenient but just both to the public and to the defendant and in no way conflict with our constitutional prohibition against the violation of substantial right of trial by jury as it was used prior to the adoption of the Constitution.

The judgment of conviction should be affirmed.

POUND, Ch. J., CRANE, HUBBS, CROUCH and LOUGHRAN, JJ., concur; LEHMAN, J., not sitting.

Judgment of conviction affirmed.