

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 23, 1961

Honorable Bob Eckhardt, Chairman
Criminal Jurisprudence Committee
House of Representatives
Austin, Texas

Opinion No. WW-998

Re: Constitutionality of H. B. 57,
amending Article 680, Code of
Criminal Procedure of Texas,
to provide for alternate jurors
in felony cases·when a juror
becomes unable or disqualified
to continue.

Dear Mr. Eckhardt:

The Criminal Jurisprudence Committee of the House of Representatives
has requested an opinion on the constitutionality of H. B. 57, 57th Legis-
lature, which would amend Article 680 of the Code of Criminal Procedure of
Texas, 1925, so as to make Article 680, C. C. P. read as follows:

> "In felony cases the court may direct that one (1) or two
> (2) jurors in addition to the regular jury be called and
> impanelled to sit as alternate jurors. Alternate jurors
> in the order in which they are called shall replace jurors
> who, prior to the time the jury retires to consider its
> verdict, become unable or disqualified to perform their
> duties, and the court shall have the power to discharge
> such juror or jurors upon the discovery of any fact which
> in the opinion of the court renders the juror unable or
> disqualified to continue. An alternate juror who does
> not replace a regular juror shall be discharged when the
> jury retires to consider its verdict. Should a juror be-
> come unable or disqualified after the jury retires to con-
> sider its verdict, the jury may be discharged. Alternate
> jurors shall be drawn in the same manner, shall have the
> same qualifications, shall be subject to the same exami-
> nation and challenges, shall take the same oath and shall
> have the same functions, powers, facilities and privileges
> as the regular jurors. Each side is entitled to one (1)
> peremptory challenge in addition to those otherwise allowed
> by law if any alternate jurors are to be impanelled. The
> additional peremptory challenge may be used against an
> alternate juror only, and the other peremptory challenges
> allowed in this Code may not be used against an alternate
> juror."

Section 2 of the bill is a severability clause; Section 3 makes the
bill inapplicable to pending litigation; Section 4 repeals conflicting laws

and parts of laws; and Section 5 is the emergency clause.

In Greene v. Robinson, 117 Tex. 516, 8 S.W.2d 655, (1928), our Supreme Court of Texas stated at page 656:

> "The Legislature is a co-ordinate branch of the government, created by the people in their Constitution for the especial purpose of enacting the laws under which the government must be administered. The rules and principles to guide a court in determining the constitutionality of its acts have often been announced and elaborated upon in the cases. We will not repeat them, or review them further than to say that all reasonable doubts will be resolved in favor of the validity of an act, and that, where an act is susceptible of a valid construction, that construction will be given it. We deem it unnecessary to cite cases."

Article V, Section 13, Texas Constitution, reads in part as follows:

> "Grand and petit juries in the District Courts shall be composed of twelve men; . . . ."

In Clark v. State, 161 Tex. Crim. 278, 276 S.W.2d 819 (1955), the appellant, Clark was being tried by a jury of twelve in the district court when the wife of one of the jurors became seriously ill. It was agreed by all parties that the case could continue to final determination before the remaining eleven jurors. The appellant was convicted. The Court of Criminal Appeals of Texas stated at page 820:

> ". . . An essential element, then, of the right of trial by jury, in a felony case, is that the jury must be composed of twelve jurors. . . ."

> "If appellant could not waive the constitutional right to be tried by a jury of twelve jurors, then any agreement that he may have made consenting thereto would be ineffective."

There are numerous cases cited in the Clark case, supra, which holds that eleven jurors may not return a verdict in a felony case in the district court. In Bullard v. State, 38 Tex. 504 (1873), the defendant was tried and convicted of a felony in the District Court by a jury of thirteen jurors. The Supreme Court of Texas, in reversing and remanding the case, relied on Article 3007, Paschal's Digest. This case occurred before the adoption of our present Texas Constitution of 1876, but the same rule is incorporated in Article V, Section 13, Texas Constitution, supra. A grand jury composed of fourteen grand jurors cannot return a valid indictment. Highsaw v. State, 90 Tex.

Crim. 200, 234 S.W. 220 (1921). The same is true of a grand jury composed of thirteen grand jurors. Ogle v. State, 43 Tex. Crim. 219, 63 S.W. 1009 (1901).

Thus we see that in view of Article V, Section 13, Texas Constitution, supra, a jury in the district court may not be less than twelve nor more than twelve. This brings us to the question of the effect of alternate jurors, who are selected, sworn and impanelled, but who do not retire with the jury and deliberate on the verdict, until and unless a regular juror becomes disqualified or disabled. Although our present statutes do not provide for alternate jurors, the Supreme Court of Texas, in the Bullard case, supra, did state at page 505, with respect to the 13th juror, that:

> ". . . if the last juror sworn can be pointed out, he may be dismissed from the panel, and the trial proceed before the legally constituted jury. But if more jurors than the legal number are permitted to deliberate on the verdict, the verdict should be set aside and a new trial awarded."

In Davis v. State, 9 Tex. Crim. 634 (1880), one of the jurors who was summoned for jury duty was stricken from the list, but thereafter inadvertently got in the jury box and was sworn as a juror with the twelve regular jurors. The case had proceeded to the point where both the State and the Defendant had rested, when it was discovered that there were thirteen jurors in the jury box. The Court dismissed the juror who had been originally stricken from the list, and the remaining twelve jurors then retired, deliberated, and returned the verdict. The appellate court held that this was not error, since the trial court was able to determine which of the thirteen jurors was not properly on the jury.

In view of the holdings in the Bullard case and Davis case, we do not have any difficulty with the situation where one or more alternates are chosen, sworn, and hear the evidence and argument of counsel, but who do not retire with the regular jurors to deliberate, for the trial court can easily determine who are the regular jurors. In such case only the twelve regular jurors would retire to deliberate and return a verdict. The problem of the alternate who replaces a juror during the course of the trial presents a different situation. Does the death, disability, or disqualification of a regular juror reduce the jury to eleven jurors, so that the reduction of the jury to eleven regular jurors requires a mistrial under the Texas Constitution? Or can an alternate juror who was sworn at the same time as the regular jurors were sworn, and who has heard all of the evidence and other proceedings up to this point, take the disabled or disqualified regular juror's place, and the trial proceed? Since we have never had a statute in Texas providing for alternate jurors, there are no Texas cases to guide us, and we must look to other jurisdictions for guidance.

There are a number of jurisdictions which provide by statute for alternate jurors. It would serve no purpose to collect at this point the cases from many states upholding the constitutionality of such alternate juror statutes, since in most of these states their respective state constitutions do not read like our Texas Constitution on this point. Most states provide by state constitution for trial by jury, and since no specific number of jurors is mentioned, it has been held that this means the common law number of twelve jurors. These states have had no difficulty in finding that a provision for alternate jurors who do not retire with the regular jury to deliberate or vote on the verdict when no regular juror is disqualified, but who can and do replace a disabled juror, is constitutional.

South Carolina, however, has a provision in its constitution which is very similar to the one found in our Texas Constitution. Article V, Section 22 of the South Carolina Constitution, 1895, reads in part as follows:

> "The petit jury of the Circuit Court shall consist of twelve men, all of whom must agree to a verdict in order to render the same." [Emphasis added]

Subsequently, the South Carolina Legislature enacted its alternate juror statute, Section 626-2, Code of 1942. The Supreme Court of South Carolina upheld the constitutionality of this statute in the case of State v. McIntire et al, 221 So. Car. 504, 71 S.E.2d 410 (1952). The Court stated the problem at page 415:

> "Did the trial judge err in directing that there should be an alternate or thirteenth juror? The error assigned, being that in so directing the trial court deprived appellant of his rights under Article V, Section 22 of our Constitution of 1895, which provides that the petit jury of the circuit courts shall consist of twelve men, all of whom must be agreed as to a verdict in order to render the same.
>
> "By this exception the appellant attacks as unconstitutional Section 626-2 of the Code of 1942. This section grants to the presiding judge, where a trial is likely to be a protracted one, the right to 'direct the calling of one or two additional jurors in its discretion, to be known as alternate jurors.' The section goes on to provide that any alternate juror as provided in this section shall sit with the jury panel charged with the case and shall have the same opportunities for seeing and hearing the proceedings, and shall take the same oath as the jurors already sworn. The alternate juror takes no part in the decision of the case unless a vacancy occurs on the jury panel through death, illness

or other disability.  This section likewise provides
that if the regular jurors are ordered to be kept in
custody by the court during the trial of a cause,
such alternate juror shall also be kept in confine-
ment with the other jurors, and shall be discharged
upon final submission of the case to the jury, un-
less he is called upon to sit on the panel because
of the disability of some acting juror."

The Court reached the conclusion that such a statute did not contravene the
South Caroline Constitution, and stated at page 416:

"Statutes of this kind are common in many states
of the union, and in our opinion do not in any re-
spect contravene our constitutional provision. 31
Am. Jur. Sec. 99, Page 630; 50 C.J.S., Juries, Sec.
123-d, page 842; Annotations, 96 A.L.R. 799, 109
A.L.R. 1495.  Such a statute is remedial and is in-
tended to prevent mistrials in criminal cases of
long duration where a juror dies or becomes so ill
as to be unable to continue his duties.  Similar
statutes have been sustained in State v. Dolbow,
117 N.J. Law 560, 189 A. 915, 109 A.L.R. 1488;
People v. Mitchell, 266 N.Y. 15, 193 N.E. 445, 96
A.L.R. 791; People v. Peete, 54 Cal. App. 333, 202
P. 51; and State v. Dalton, 206 N.C. 507, 174 S.E.
422."

A Federal statute providing for alternate jurors was held not to violate
either the Sixth Amendment or Article III, Section 2, Clause 3, of the
United States Constitution, in Robinson v. U.S., 144 F.2d 392 (C.C.A. 6th,
1944) (affirmed 324 U.S. 282, rehearing denied 324 U.S. 889, rehearing
denied 325 U.S. 895, motion denied 66 S.Ct. 86).

We hold, therefore, that H. B. 57, 57th Legislature, amending Article
680, Code of Criminal Procedure of Texas, to provide for alternate jurors in
felony cases, is constitutional.

## SUMMARY

H. B. 57, 57th Legislature, amending Article 680,
Code of Criminal Procedure of Texas, to provide
for alternate jurors in felony cases, is con-
stitutional.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
   Riley Eugene Fletcher
   Assistant Attorney General

REF:br

APPROVED:

OPINION COMMITTEE
W.V. Geppert, Chairman

W. Ray Scruggs
Ray Loftin
John Reeves
Marietta Payne

REVIEWED FOR THE ATTORNEY GENERAL

BY   Morgan Nesbitt