OPINION OF THE COURT
Chief Judge Kaye.
Under CPL 270.35, once the jury has commenced deliberations an alternate juror may riot be substituted for a regular juror unless the defendant consents to the replacement. The statute, moreover, specifies that such consent "must be in writing” and "signed by the defendant in person in open court in the presence of the court.” This case presents the question whether the defendant’s oral consent to the substitution is valid where there is no indication that the defendant signed a writing in open court memorializing that consent.
We conclude that the defendant’s consent must conform with the statutory mandate. The fundamental right to a jury trial guaranteed by the State Constitution includes the right to a jury of 12. Substitution of an alternate juror following submission of the case to the jury violates this right and is therefore impermissible unless the defendant has waived a jury trial (People v Ryan, 19 NY2d 100). Our Constitution explicitly demands that such a waiver be in writing (NY Const, art I, § 2). Because the requirement of written consent in CPL 270.35 embodies the constitutional waiver provision, oral consent to the substitution is invalid and the conviction should be reversed.
*4 Facts
Defendant was charged with third degree grand larceny and unauthorized use of a vehicle for stealing Erik Moore’s car. Twelve regular jurors and two alternates were selected by the parties. One day during trial, a regular juror was unable to attend court. Without determining whether the juror’s absence would extend beyond that day, the court simply replaced him with one of the alternates, over defense counsel’s objection. Defendant raises no issue as to this substitution.
Upon submission of the case to the jury, defense counsel requested that the remaining alternate juror, Ms. McManus, not be released. The court thus retained the alternate, instructing her to refrain from discussing the case with anyone. After approximately four hours of deliberations, the jury foreperson became ill and asked to be excused. The court — this time following an extensive inquiry — determined that the ill juror was unable to continue and excused him.
Defense counsel informed the court that he had discussed the matter with defendant and, because of the substantial prior delays and defendant’s incarceration during the entire period, his client consented to substituting the alternate juror. After counsel’s acquiescence was placed on the record, the court asked defendant personally whether he consented to substituting the alternate and whether he had had sufficient opportunity to discuss this decision with his attorney. Defendant answered both questions in the affirmative. At no time, however, did the trial court obtain the defendant’s consent to the replacement in writing.
The court then substituted alternate juror McManus for the excused juror, instructing the jury to begin deliberations anew. As reconstituted, the jury resumed deliberations for less than an hour before being sequestered for the evening. The next morning, the jury found defendant guilty of both charges.
Defendant subsequently moved to set aside the verdict pursuant to CPL 330.30 (1), arguing in part that substitution of the alternate juror during deliberations without first obtaining the defendant’s consent in writing failed to meet statutory and constitutional requirements. The trial court denied defendant’s motion, finding that it would "flout the purposes of the waiver rule” to permit the defendant to seek replacement of the ill *5 juror and then urge that his consent was insufficient (153 Misc 2d 870, 872). The Appellate Division affirmed, opining that "[t]o do otherwise would exalt form over substance” (210 AD2d 41).
Before this Court, the defendant continues to argue that failure to obtain written, signed consent to the substitution necessitates reversal of his convictions. The People counter that the statutory specification is a technicality that need not be followed so long as the record otherwise reflects knowing, intelligent and voluntary consent by defendant to the substitution. We cannot agree with the People that the directive to obtain consent "in writing” and "signed by the defendant in person in open court in the presence of the court” — requirements explicitly set forth both in CPL 270.35 and in our State Constitution — represent a technicality that can be disregarded.
Right to Trial By 12 Jurors
Article I, § 2 of the New York Constitution guarantees a criminal defendant the right to a trial by jury. This fundamental right "has been properly interpreted as guaranteeing the right to trial by jury as it had existed at common law” (People v Ahmed, 66 NY2d 307, 311). A legal jury according to the common law consisted of 12 persons (People v Cosmos, 205 NY 91, 96; Cancemi v People, 18 NY 128, 135). This Court has thus long recognized that under our State Constitution a person accused of a crime is entitled to determination by a jury of 12 (see, People v Ryan, 19 NY2d 100, supra; People v Mitchell, 266 NY 15; People v Thorn, 156 NY 286, 294; Stokes v People, 53 NY 164, 171-172).
Our Constitution originally made no provision for waiving a jury trial in criminal cases. The right to a trial by 12 jurors was considered such an essential component of the constitutional right to trial by jury that, like the latter guarantee, it was deemed absolute and could never be waived by either party — even where the defendant expressly requested and consented to a trial by fewer than 12 jurors (see, e.g., Cancemi v People, 18 NY at 138; see also, People ex rel. Battista v Christian, 249 NY 314, 319; People v Cosmos, 205 NY at 96). Members of the former Judicial Council even questioned whether the proposed constitutional amendment providing for waiver of jury trial by a criminal defendant would suffice to "legalize trial by jury of less than twelve men, as well as a complete- waiver of the jury,” deeming this an issue for subsequent judicial resolution (2d Ann Report of NY Jud Council, 1936 NY Legis Doc No. 48, at 100).
*6 Waiver of Trial By Jury
In 1938, the Constitution was amended to provide that "[a] jury trial may be waived in the manner to be prescribed by law * * * by the defendant in all criminal cases, except those in which the crime charged may be punishable by death.” The amendment was intentionally silent as to the appropriate procedure for executing such waiver. As noted by the Judicial Conference, implementation of the amendment was left to the Legislature rather than specified in the Constitution itself; "that is, the specific methods of waiver, whether it should he made in writing, * * * are to be determined by the Legislature and fixed by statute” in order to "afford greater flexibility in the choice of method than if it should form a part of the Constitution” (2d Ann Report of NY Jud Council, 1936 NY Legis Doc No. 48, at 97 [emphasis added]; see also, People v Carroll, 3 NY2d 686, 691).
Later that same year, however, the People of this State sought to remedy the absence of safeguards accompanying this waiver provision (see, 2 Revised Record of 1938 NY State Constitutional Convention, at 1281). We therefore again amended our Constitution, this time adopting the current requirement that waiver of a jury trial be "by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense.” As was explained at the 1938 Constitutional Convention, proponents of the amendment believed "that there should be some restriction upon the right to waive, so as to assure the defendant an understanding of what he was doing, and it was proposed that the waiver must be made in writing and in court as a protection to the rights of the defendant” (id., at 1274).
Underscoring the importance of the writing and signature requirements, members of the Convention explained that "it is a human habit to think twice before one signs a paper.” Thus, a defendant who "is asked to put his name to a paper which tells him in writing that he has waived one of the greatest rights that a citizen has, will hesitate to do it” (id., at 1282).
The history of the constitutional waiver provision thus establishes that the requirement that the defendant execute a signed, written waiver was considered critical to securing a knowing, intelligent and voluntary waiver of the right to trial" by jury (see also, Galie, The New York State Constitution: A Reference Guide, at 37). With this in mind, we examine the development of CPL 270.35.
*7 History of CPL 270.35
Section 358-a of the Code of Criminal Procedure — the statutory predecessor to CPL 270.35 — originally permitted the court to substitute an alternate juror only prior to commencement of deliberations and required that the alternate jurors be dismissed once the case was submitted to the jury.[1] In People v Mitchell (266 NY 15, supra), this Court held that section 358-a did not violate the defendant’s fundamental right to a jury of 12.
In Mitchell itself, the alternates were discharged when the 12 regular jurors retired for deliberation. The Court explained that the defendant’s constitutional right to have his guilt or innocence determined by 12 jurors was fully protected since at no time did "either of these alternates attempt! ] in any way to influence any of the twelve” (People v Mitchell, 266 NY at 18). Consequently, "[t]his defendant was not tried by a jury of fourteen men. Only twelve participated in the rendition of the verdict and they are the same twelve originally selected for the performance of that service. Each heard all the evidence and at no time during the course of the trial did any one of them cease to function as a juror” (id.).
In an effort to avoid mistrials in lengthy trial proceedings, the Legislature in 1952 amended section 358-a, authorizing retention of the alternate jurors subsequent to submission of the case to the jury and substitution for a regular juror discharged during deliberations (see, People v Ryan, 19 NY2d at 102).[2] The statute did not require any form of consent by either party prior to such substitution.
*8 In 1966, this Court held in People v Ryan that, once deliberations had commenced, replacing a regular juror with an alternate pursuant to section 358-a violated the constitutional guarantee to trial by a jury of 12. In Ryan, an alternate juror was substituted for an ill juror after five hours of deliberation. The Court explained that this procedure amounted to deliberation by more than 12 jurors:
We believe that the Constitution of this State, as it has been construed, prohibits the substitution of an alternate juror — in effect a 13th juror — after the jury has begun its deliberation. While it may be difficult in an individual case to evaluate the extent to which a defendant may be prejudiced by such a substitution, we believe that, once the deliberative process has begun, it should not be disturbed by the substitution of one or more jurors who had not taken part in the previous deliberation and who had "cease[d] to function as” jurors. (People v. Mitchell, supra.) (Id. at 104-105.)
The Court, however, acknowledged that a defendant could waive the right to a jury trial — as well as the inclusory right to a jury of 12 — and thereby consent to substitution of an alternate for a deliberating juror, "by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense” (NY Const, art I, § 2). Although trial counsel in Ryan consented to replacement of a deliberating juror with the alternate, the Court rejected the People’s contention that consent by the defendants’ counsel amounted to an effective waiver (People v Ryan, 19 NY2d at 106).
When the Criminal Procedure Law was adopted in 1970, the Ryan holding was incorporated into section 270.35, addressing substitution of an alternate juror during deliberations. Section 270.35 provides that if any alternate jurors are available for service, the first alternate should replace the discharged juror. The statute, however, further directs, "if the trial jury has begun its deliberations, the defendant must consent to such replacement. Such consent must be in writing and must be signed by the defendant in person in open court in the presence of the court” (emphasis added).
*9 Tellingly, the statutory procedure for consenting to substitution of a deliberating juror mirrors the requirements contained in the Constitution for waiving a jury trial — written consent signed personally by the defendant in open court and in the presence of the court. Indeed, the Staff Comment accompanying the legislative proposal for this section explains that it "seeks to comply with the Ryan opinion” (Commission Staff Notes, reprinted following NY Cons Law Serv, CPL 270.35, at 446; see also, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 270.35, at 453).
There can be no doubt, then, that the purpose of the specification in CPL 270.35 for consent memorialized in a writing signed in open court is to ensure that the State constitutional requirements for waiving a jury trial are followed before an alternate is substituted for a regular juror once deliberations have begun.
Application of the Law to the Facts
Here, the defendant orally consented on the record to substitution of the alternate juror after deliberations had commenced. The trial court, however, failed to obtain written and signed consent to the replacement, as both CPL 270.35 and the constitutional procedure for waiving a jury trial mandate. The People argue that the defendant’s oral consent nonetheless constituted a valid waiver of his fundamental right to a trial by 12 jurors.
"The most compelling criterion in the interpretation of an instrument is, of course, the language itself’ (People v Carroll, 3 NY2d at 689, supra). This is especially true as to the constitutional provision relating to waiver of jury trials, which we have described as "the deliberate product of a group of men specially selected for and peculiarly suited to the task of its authorship” (id.).
That the State Constitution itself unequivocally demands that waiver of a jury trial be accompanied by a written instrument signed by the defendant in open court before the Trial Judge thus compels the conclusion that waiver must be accomplished in that manner. Rather than leave the procedure to legislative determination, the current constitutional waiver provision sets forth "[t]he basic and necessary procedural requirements” (id. at 692). Such constitutional requirements are not lightly disregarded. To the contrary, express provisions of our Constitution should be vigilantly enforced and the rights *10 they protect zealously guarded (see, e.g., People v Boston, 75 NY2d 585 [constitutional provision for waiving right to indictment by Grand Jury]; see also, People ex rel. Rohrlich v Follette, 20 NY2d 297, 300 [noting that Court is "scrupulous in enforcing compliance with the waiver provisions” of art I, § 2]).
The history of the waiver provision, moreover, directly refutes the People’s claim and the dissent’s conclusion that the constitutional command to obtain a writing signed personally by the defendant can be deemed a dispensable technicality. The framers specifically added the requirement of a written, signed instrument to article I, § 2 in order to ensure that criminal defendants understood the significance of giving up their fundamental right to a jury trial and its essential components. The signature and writing requirements were thus considered crucial to securing a knowing and intelligent waiver.
Consequently, the unambiguous language and history of the constitutional waiver provision lead inescapably to the conclusion that waiver of the right to jury trial procured other than "by a written instrument signed by the defendant in person in open court” is invalid.
Because the safeguards afforded by CPL 270.35 are identical to and coextensive with the constitutional requirements for valid waiver of a jury trial, failure to comply with the statutory requirement of written, signed consent results in substitution of an alternate juror during deliberations without an effective, constitutional waiver. Such substitution directly contravenes Ryan and infringes the defendant’s fundamental, constitutional right to trial by a jury of 12.
The dissenters urge that the holding of Ryan need not be "taken literally” (dissenting opn at 15), since the Ryan defendants were never consulted regarding the juror substitution. The Court’s holding in Ryan, however, was explicitly premised on the fact that the trial court "did not satisfy the constitutional requirements for waiver” of a jury trial (People v Ryan, 19 NY2d at 106). Those constitutional requirements demand not only that the court obtain a jury waiver from the defendant personally, but also that the court obtain a written waiver signed personally by the defendant. Alternatively, the dissenters would circumvent this plain language in the State Constitution and CPL 270.35 by holding that oral consent not accompanied by a signed, written waiver constitutes an "implicit waiver” of the constitutional and statutory requirements of signed, written waiver (dissenting opn at 16). Such circular *11 reasoning, however, would effectively delete the express provision for signed, written waiver from our Constitution and the statute.
We note that the People’s reliance on Federal cases holding that substitution of an alternate juror once deliberations have commenced does not compel reversal is unavailing (see, e.g., United States v Hillard, 701 F2d 1052). Rule 24 (c) of the Federal Rules of Criminal Procedure directs that any alternate juror who does not replace a regular juror shall be discharged once the jury retires to deliberate and makes no provision for substitution after submission of the case to the jury. The right to trial by jury guaranteed by the Federal Constitution, however, does not encompass the common-law right to a trial by 12 jurors (see, Williams v Florida, 399 US 78, 86-103). Thus, improper replacement of an alternate for a deliberating juror in violation of rule 24 (c) does not implicate a constitutional right (see also, Fed Rules Crim Pro, rule 23 [b] [authorizing the court to permit a verdict by 11 jurors, without the consent of the parties, if it finds it necessary to excuse a juror for just cause after the jury has retired to deliberate]).
We further reject the People’s argument that the trial court’s instruction to the reconstituted jury to begin deliberations anew remedied the statutory and constitutional breach by guaranteeing that the verdict was rendered by only 12 jurors — the 11 regular jurors plus the alternate. Substitution of the alternate juror in the first instance was prohibited by CPL 270.35 and the State Constitution absent written, signed consent by the defendant. Unless these requirements were first met, any participation in the deliberations by the alternate juror was improper.
In light of the constitutional grounding of the statutory requirement that was breached, we are compelled to reverse the convictions here, notwithstanding the defendant’s oral acquiescence to the juror substitution. We note for the future that reversals of convictions — as well as potential abuse of the process — can be avoided by careful compliance with the explicit waiver requirements contained in the Criminal Procedure Law and the State Constitution.
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.

. Former Code of Criminal Procedure § 358-a provided, in part, that "the court may direct the calling of one or two additional jurors, in its discretion, to be known as 'alternate jurors.’ * * * [SJuch alternate jurors * * * shall be discharged upon the final submission of the case to the jury. If, before the final submission of the case, a juror die, or become ill, or for any other reason he be unable to perform his duty, the court may order him to be discharged and draw the name of an alternate, who shall then take the seat of the discharged juror in the jury box, and be subject to the same rules and regulations as though he had been selected as one of the original jurors” (repealed by L 1952, ch 670).

. As amended, Code of Criminal Procedure § 358-a now provided, "After final submission of a case, the court may discharge the alternate jurors, or if the court deem it advisable he may direct that one or more of the alternate jurors be kept in the custody of the sheriff or one or more court officers, separate and apart from the regular jurors until the jury have agreed upon a verdict. If after the final submission of the case and before the jury have agreed upon a verdict, a juror die or become ill, or for any other reason he be unable to perform his duty, the court may order him to be discharged and *8 draw the name of an alternate, who shall then take the place of the discharged juror in the jury room and the jury shall then renew its deliberations with the alternate juror” (repealed by L 1970, ch 996, § 1).