People v Davis (2018 NY Slip Op 03539)





People v Davis


2018 NY Slip Op 03539


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2015-01511
 (Ind. No. 3044/13)

[*1]The People of the State of New York, respondent, 
v
Joseph Davis, appellant.


Paul Skip Laisure, New York, NY (Alan Chevat and David P. Greenberg of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Merri Turk Lasky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered February 13, 2015, convicting him of attempted burglary in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
During the trial in this matter, an alternate juror briefly participated in deliberations with 11 sworn members of the jury while the12th sworn juror was absent from the jury room. The Supreme Court denied the defendant's motion for a mistrial. The court then questioned each of the jurors about their ability to disregard the prior deliberations and start deliberations anew; each juror assured the court that he or she could do so. The court then denied the defendant's renewed motion for a mistrial, and instructed the jurors that all deliberations that had taken place with the alternate juror were a nullity which must be disregarded by the jury, and that deliberations were to start "fresh, anew, ab initio, from the beginning." After deliberations, the jury returned a verdict of guilty. The defendant appeals.
The New York Constitution guarantees every criminal defendant a trial by jury (see NY Const, art I, § 2). The constitutional right to a jury trial "includes the right to a jury of 12" (People v Page , 88 NY2d 1, 3). Pursuant to CPL 270.30, after the jury has retired to deliberate, the court must either, (1) with the consent of the defendant and the People, discharge the alternate jurors, or (2) direct the alternate jurors not to discuss the case and further direct that they be kept separate and apart from the regular jurors. CPL 310.10 prohibits anyone, including alternate jurors, from communicating with deliberating jurors.
The error here not only violated CPL 270.30 and 310.10, but it deprived the defendant of his fundamental right to a trial by a jury of 12 (see People v Page , 88 NY2d at 11; People v Anderson , 70 NY2d 729, 730). The error was not cured by the Supreme Court's instructions to the reconstituted jury. Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court, Queens County, for a new trial.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court