People v Larman (2019 NY Slip Op 06097)





People v Larman


2019 NY Slip Op 06097


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-05844
 (Ind. No. 2725/15)

[*1]The People of the State of New York, respondent,
v
Owen Larman, appellant.


Lipman & Booth, LLC, New York, NY (Christopher Booth of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), rendered May 31, 2017, convicting him of grand larceny in the second degree, offering a false instrument for filing in the first degree (11 counts), criminal possession of a forged instrument in the second degree (11 counts), and bribery in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
During the trial in this matter, after deliberations had commenced, the jury sent a note requesting that it be provided with some of the documentary evidence. After an undefined period of time, it became apparent to the Supreme Court that an alternate juror briefly participated in deliberations with 11 sworn members of the jury while the 12th sworn juror was absent from the jury room. The court then replaced the alternate juror with the 12th sworn juror and sent the jury back to deliberate before breaking for the day. The defendant moved for a mistrial, and the court reserved decision. The next day, the court questioned each of the first 11 sworn jurors, individually, about their ability to disregard the prior deliberations and start deliberations anew. Each juror assured the court that he or she could do so, and the court instructed each of them to start deliberations from the beginning. The court then denied the defendant's motion for a mistrial. After deliberations, the jury returned a verdict of guilty. The defendant appeals.
"The New York Constitution guarantees every criminal defendant a trial by jury," which includes the right to a jury of 12 (People v Davis, 161 AD3d 1003, 1003; see CPL 270.05; People v Page, 88 NY2d 1, 5; People v McDuffie, 95 AD3d 1036, 1037). "A defendant has a constitutional right to a trial by a particular jury chosen according to law, in whose selection [the defendant] has had a voice" (People v Anderson, 70 NY2d 729, 730 [internal quotation marks omitted]; People v Rodriguez, 71 NY2d 214). "At the heart of this right is the need to ensure that jury deliberations are conducted in secret, and not influenced or intruded upon by outside factors" (People v Rivera, 15 NY3d 207, 211). The violation of a defendant's right to a jury trial of 12 is a "fundamental defect[ ] in judicial proceedings" (People v Agramonte, 87 NY2d 765, 770; see People v Page, 88 NY2d at 10).
CPL 310.10(1) provides, inter alia, that "[f]ollowing the court's charge, . . . the jury must retire to deliberate upon its verdict." Pursuant to CPL 270.30, after the jury has retired to deliberate, the court must either (1) with the consent of the defendant and the People, discharge the alternate jurors, or (2) direct the alternate jurors not to discuss the case and further direct that they be kept separate and apart from the regular jurors. Once deliberations begin, a regular juror may be replaced by an alternate juror only with the defendant's written consent (see CPL 270.35). "[F]ailure to comply with the statutory requirement of written, signed consent results in substitution of an alternate juror during deliberations without an effective, constitutional waiver. Such substitution directly contravenes [People v] Ryan and infringes the defendant's fundamental, constitutional right to trial by a jury of 12" (People v Page, 88 NY2d at 10, citing People v Ryan, 19 NY2d 100).
The error here violated these statutory provisions and deprived the defendant of his fundamental right to a trial by jury of 12 (see People v Page, 88 NY2d at 10; People v Davis, 161 AD3d at 1004). The error was not cured by the Supreme Court's instructions to the reconstituted jury (see People v Davis, 161 AD3d at 1004). Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court, Kings County, for a new trial.
In light of our determination, the defendant's remaining contentions need not be considered (see People v Spencer, 29 NY3d 302, 312).
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court