■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS HOLMES, Appellant. [609 NYS2d 727] —Judgment unanimously reversed on the law and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant was charged with three counts of robbery in the third degree arising out of bank robberies on December 31, 1991, January 9, 1992, and February 24, 1992. The December and February robberies occurred at the same branch of a Marine Midland Bank; the January robbery occurred at a different bank, and that charge was severed. Defendant was convicted of the February robbery but acquitted of the December robbery.

Defendant appeared in a lineup on February 27, 1992. Josie Losurdo and Kelly Moore, tellers at the bank, identified defendant as the person who robbed the bank on both occasions. Raye Ann Sylvester, another teller, and Eddie Edwards,

a customer, identified defendant as the person who robbed the bank on February 24. Christine Tzetzis, a clerk at a grocery store in the vicinity of the bank, identified defendant as the person who purchased several items using "bait" money shortly after the bank robbery.

In his omnibus motion, defendant sought, *inter alia,* to suppress identification evidence on the ground that the witnesses' viewing of the lineup after being shown a photo array was suggestive. The People consented to a *Wade* hearing. At the hearing, the People presented evidence establishing that the lineup was not conducted in a suggestive manner and that all of the witnesses selected defendant. One police officer testified that he showed Moore a photo array on February 24 but that defendant's picture was not in it. Another officer testified that some witnesses were shown photo arrays but that he did not participate in that procedure. At the close of the hearing, defendant contended that the People had failed to meet their burden of establishing that the viewing of the photo arrays preceding the lineup was not suggestive and that the lineup was not tainted thereby. The court erred in denying defendant's motion.

The People have the initial burden of going forward to establish the reasonableness of police conduct and the lack of undue suggestiveness in a pretrial identification procedure *(see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833; *People v Berrios,* 28 NY2d 361). Once the People have met that initial burden, defendant bears the ultimate burden of proving that the procedure was unduly suggestive *(see, People v Chipp, supra).* The People failed to sustain their burden. There was no testimony regarding the photo arrays shown to witnesses Tzetzis, Sylvester, and Losurdo, and therefore there is no support for the People's position that the lineup identification by those witnesses was not tainted by the prior viewing of photo arrays.

The cases cited by the suppression court in support of its determination are distinguishable. In *People v Flowers* (150 AD2d 721, *lv denied* 74 NY2d 809), there was no evidence that any of the eyewitnesses viewed the defendant's photograph prior to the lineup. Here, in his request for a lineup, the Assistant District Attorney stated that Tzetzis had positively identified defendant from a photo array and that Sylvester and Losurdo had tentatively identified defendant from a photo array. In *People v Morales* (134 AD2d 292, *lv denied* 70 NY2d 935), the suppression court examined the photo array and concluded that it was not suggestive and thus did not taint a

subsequent lineup. The People here presented no proof of the composition of the photo arrays shown to Tzetzis, Sylvester, and Losurdo.

The failure of the People to satisfy their initial burden cannot be deemed harmless error. The primary issue at trial was identification. Defendant was acquitted of the December 1991 robbery, despite the testimony of Losurdo and Sylvester that the person who robbed the bank on February 24, 1992, was the same person who robbed the bank on December 31, 1991. The testimony of Tzetzis, that defendant purchased several items at her store using bait money several hours after the February 24 robbery, was critical to the People's case. Because the People failed to establish that Tzetzis' identification of defendant at the lineup was not tainted by her view of the photo array, her identification should not have been admitted.

We remit the matter for a new *Wade* hearing and a new trial. The hearing is to be limited to establishing whether there was an independent basis for the identifications made by Tzetzis, Sylvester, and Losurdo *(see, People v Burts,* 78 NY2d 20). The lineup identification of defendant by Edwards and Moore could not have been tainted because neither was shown defendant's picture in a photo array. We have considered defendant's other arguments and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Robbery, 3rd Degree.) Present—Denman, P. J., Green, Lawton, Callahan and Doerr, JJ.