■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBY R. PRIES, Appellant. [615 NYS2d 150] —Judgment unanimously reversed on the law, motion to suppress granted and indictment dismissed. Memorandum: Defendant was convicted of burglary in the second degree and petit larceny for entering a residence and taking a binder filled with sports cards. The primary evidence linking defendant to the crime was the eyewitness testimony of Emmons and Eleanor Smith, the victim's neighbors. Some time after the incident, either two months according to Eleanor Smith, or a week according to Emmons Smith, a police officer visited the Smiths, ostensibly to use the telephone, and told Eleanor that the person standing outside the police car had been accused of the crime. The Smiths told the officer that the person outside the police car was the same person they saw on the day of the burglary. Almost a year later, the Smiths were shown a photographic array and selected defendant's picture. They testified at trial and identified defendant as the person they saw at the victim's house at the time of the burglary.

A pretrial identification of a defendant is not admissible if it is the product of unnecessarily suggestive procedures *(Stovall v Denno,* 388 US 293; *People v Adams,* 53 NY2d 241). "The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned" *(Stovall v Denno, supra,* at 302). In the absence of exigent circumstances, showup identifications are strongly disfavored *(People v Johnson,* 81 NY2d 828, 831; *see, People v Rivera,* 22 NY2d 453, *cert denied* 395 US 964). Showups held shortly after the commission of a crime may be permissible in the interest of prompt identification because the victim's memory is still fresh *(see, People v Johnson, supra; People v*

*Duuvon,* 77 NY2d 541; *People v Riley,* 70 NY2d 523). The showup here, occurring either a week or two months after the incident, was unduly suggestive. First, it was not prompt and immediate *(see, People v Johnson, supra).* Additionally, the police officer's comment that the person outside the car "was a boy that was accused" of the crime was highly suggestive *(see, People v Liano,* 142 AD2d 602, *lv denied* 72 NY2d 958). Thus, the People failed to sustain their burden of establishing the reasonableness of the identification procedure and the lack of undue suggestiveness *(see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833).

A determination that an identification procedure is improper does not require suppression of an in-court identification if the People are able to prove by clear and convincing evidence that a witness has an independent basis for making the in-court identification *(see, United States v Wade,* 388 US 218, 240; *People v Ballott,* 20 NY2d 600, 606; *People v Strudwick,* 170 AD2d 969, *lv denied* 77 NY2d 1001). There was no proof adduced at the *Wade* hearing, however, that the Smiths had independent bases for making in-court identifications. Eleanor Smith was unable to identify defendant at the *Wade* hearing as the person she saw on the day in question, stating that, "I think it's the boy over there, but I never met him before face to face." She further testified that she did not view the person's face, and was able to identify him only by build, height and hair color. Similarly, Emmons Smith testified that he was able to identify defendant as the person at the victim's house by his hair color and height; the person was 500 to 600 feet away from him. There was no testimony that the witnesses were familiar with defendant, and there was no proof that the showup or photographic array procedures were confirmatory.

Having concluded that the showup procedure was unduly suggestive and that there were no independent bases for the in-court identifications, we grant the motion to suppress and we dismiss the indictment. The People were given an opportunity to develop independent bases for the identifications at the *Wade* hearing and failed to do so *(cf., People v Holmes,* 202 AD2d 1011). We have reviewed defendant's other contentions and conclude that they are without merit. (Appeal from Judgment of Cattaraugus County Court, Ward, J., trial; Kelly, J., suppression—Burglary, 2nd Degree.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.