■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS JAMES, Appellant. [630 NYS2d 368] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 30, 1993, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, the complainant's showup identification is suppressed, and a new trial is ordered, to be preceded by an independent source hearing.

The defendant was arrested after fleeing from the stolen car in which he had been a passenger. The police found an illegal gun in the car. The defendant claims that he did not know the car was stolen. According to the defendant, the driver of the

car picked him up before the arrest, and told him that he had gotten the car from a friend.

The car was stolen almost two hours before the arrest, at a location approximately two miles away. The police transported the complainant, who had been at the precinct, to the arrest location. A showup was conducted, and the complainant identified the the handcuffed defendant, who was being held, together with the handcuffed driver of the car, in the vicinity of the stolen vehicle by several police officers. Under the circumstances of this case, the showup identification should have been suppressed *(see, People v Johnson,* 81 NY2d 828; *People v Riley,* 70 NY2d 523, 530; *People v Adams,* 53 NY2d 241, 248). The complainant never testified at the *Wade* hearing. Therefore, a de novo hearing to determine whether or not the complainant had an independent source for his identification must be held prior to a new trial *(see, People v Burts,* 78 NY2d 20).

Since a new trial must be held, we take this opportunity to point out some unacceptable practices engaged in by the prosecutor at trial. Chief among these was the prosecutor's repeated suggestions during cross-examination and summation argument that either the complainant was correct in his identification of the defendant as one of the perpetrators, or he was lying. This tactic has been repeatedly condemned by this Court *(see, People v Leuthner,* 216 AD2d 327). Similarly, the prosecutor made excessive references to the defendant's criminal record, improperly implying that the defendant's criminal record indicated a likelihood that he committed the crimes charged *(see, People v Wright,* 41 NY2d 172, 175; *People v Robinson,* 191 AD2d 595; *People v Stewart,* 153 AD2d 706).

In view of the foregoing, we need not reach the defendant's remaining contentions. Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.