OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted, after a jury trial, of the crimes of criminal sale and criminal possession of a controlled substance in the third degree. During the course of trial but prior to the commencement of deliberations, the jurors had been instructed to arrive in court at 11:00 a.m. At 12:30 p.m., court personnel informed the Trial Judge that one juror had not yet arrived. The court clerk indicated that he had made several telephone calls to the juror’s home, but there had been no answer. Defense counsel at this time said that he would consent to substitution of an alternate juror if the juror did not appear after the lunch break. At around 2:15 p.m., the court clerk succeeded in reaching the juror by telephone. According to the clerk, the juror said that she was suffering from muscle spasms in her back, had informed her employer of this fact, and had asked her employer in turn to inform the court that she would be unavailable. When the court clerk asked the juror why she had not telephoned the court directly, she became verbally abusive and the court clerk terminated the call.
 

 At this point, the Trial Judge asked the parties if they would consent to substitution of an alternate juror. Both counsel agreed, and the Judge thereupon expressly asked defendant if he personally approved, to which defendant replied, ‘Yes, sir, your Honor.”
 

 Defendant argues that substitution of a sworn juror pursuant to CPL 270.35, whether before or after commencement of
 
 *957
 
 jury deliberations, is equivalent to waiver of the right to trial by jury and may only be accomplished by an in-court writing to that effect
 
 (see,
 
 NY Const, art I, § 2;
 
 see also,
 
 CPL 320.10). Defendant contends that his consent to the substitution of the juror was invalid, because, although effected in open court, it was merely spoken and not written.
 

 Substitution of an alternate juror for a regular juror, once the jury has begun deliberating, requires defendant’s in-court, written consent
 
 (see, People v Page,
 
 88 NY2d 1;
 
 People v Ryan,
 
 19 NY2d 100).
 
 Page
 
 and
 
 Ryan
 
 concluded that the replacement of a deliberating juror amounted to a violation not only of CPL 270.35, but also of the constitutional right to a jury trial, because it created a situation where more than 12 jurors would have expressed their views about the evidence and the defendant’s guilt or innocence
 
 (see, People v Ryan, supra,
 
 19 NY2d, at 103;
 
 see also, People v Mitchell,
 
 266 NY 15). Those same concerns are not present when the substitution occurs in. the predeliberation stage. This is in accord with the plain language of CPL 270.35, which by its terms requires written consent to substitutions only after deliberations have begun. Prior to commencement of deliberations, however, there is no material distinction between regular and alternate jurors. Since, in the case at bar, defendant gave his voluntary oral consent to the discharge of the juror prior to deliberations, no error lies as there was no statutory violation.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.