■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. [711 NYS2d 440] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered June 10, 1998, convicting him of robbery in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony.

Ordered that the judgment is modified, on the law and the facts, by vacating the defendant's conviction of robbery in the second degree under the first count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment, without prejudice to the People to re-present any appropriate charges to another Grand Jury, and those branches of the defendant's omnibus motion which were to suppress the testimony of Nancy Ramos and Gilma Medrano with respect to their identification of the defendant at a showup are granted; as so modified, the judgment is affirmed.

The showup identification testimony of two witnesses to the defendant's robbery at a clothing store should have been suppressed. The showup identification procedure occurred after the defendant had been apprehended at the scene of a second robbery, at a bar. The witnesses, who had already been interviewed at the precinct and returned to their place of business, were transported to the scene of the second robbery and identified the defendant as he was sitting on the floor, bleeding from the head, as the person involved in the clothing store robbery. There was no unbroken chain of events or exigent circumstances which would justify the showup identification procedure (see, People v Johnson, 81 NY2d 828; People v Duuvon, 77 NY2d 541; People v James, 218 AD2d 709; People v Barrett, 212 AD2d 621; People v Magee, 122 AD2d 227). The witnesses should have been transported to the precinct for a lineup.

The remaining counts of the indictment relate to the second robbery, at the bar. With respect to those counts, identification was not an issue, because the defendant was apprehended at the scene. Suppression of the showup identification testimony of the witnesses to the robbery of the clothing store does not warrant reversal of the defendant's conviction of the remaining counts (see, People v Baghai-Kermani, 84 NY2d 525, 532; People v Smith, 221 AD2d 485, 486-487; People v Rayford, 158 AD2d 482).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was

legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendants' remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review, without merit, or need not be addressed in light of our determination.

If the People secure a new indictment for the charge relating to the robbery at the clothing store, the trial, if any, should be preceded by an independent source hearing. Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.