■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DELVALLE, Appellant. [734 NYS2d 842] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered July 16, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5½ to 11 years, unanimously affirmed.

The record clearly establishes that when the court substituted a grossly unqualified juror with an alternate juror, the jury had not yet assembled in the jury room to deliberate. When the court made it clear that it had not dismissed the alternates and that the jury had not started deliberating, defense counsel did not dispute or object to this finding. Accordingly, inasmuch as the substitution occurred at a stage prior to the commencement of actual deliberations by the jury, defendant's consent, pursuant to CPL 270.35, was not required (*see, People v Ortiz,* 92 NY2d 955, 957). Concur—Rosenberger, J. P., Ellerin, Wallach, Rubin and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED GRAY, Appellant. [735 NYS2d 388] —Judgment, Supreme Court, Bronx County (William Mogulescu, J.), rendered February 4, 2000, convicting defendant, after a nonjury trial, of assault in the second degree and two counts of criminal possession of a weapon in the third degree, and sentencing him to two terms of 2½ to 5 years and a term of one year, all sentences to run concurrently, unanimously affirmed.

The verdict was not against the weight of the evidence. Issues of credibility, including the weight to be given the backgrounds of the People's witnesses and the minor inconsistencies in their testimony, were properly considered by the trier of facts and there is no basis upon which to disturb its determinations (*see, People v Gaimari,* 176 NY 84, 94). Concur—Rosenberger, J. P., Ellerin, Wallach, Rubin and Marlow, JJ.