■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FRANCIS, Appellant. [756 NYS2d 627] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered February 26, 2001, convicting him of grand larceny in the fourth degree criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Griffin, J.), after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by vacating the conviction of grand larceny in the fourth degree and vacating the sentence imposed thereon, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, and a new trial is ordered on the charge of grand larceny in the fourth degree, to be preceded by an independent source hearing; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree is, in part, unpreserved for appellate

review and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the value of the stolen vehicle at issue exceeded $100 (*see* Penal Law § 155.30 [8]; § 165.45 [5]; *People v Wright,* 249 AD2d 428 [1998]), and that the defendant had the intent to deprive another of property or to appropriate it to himself (*see* Penal Law § 155.00 [3], [4]; § 155.05 [1]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, we agree with the defendant's contention that the showup at which he was identified by the complainant was unduly suggestive. The defendant and the codefendant were found by the police in an automobile which had been reported stolen. The automobile was parked at a gas station with the motor running. The defendant, who was in the driver's seat, and the codefendant were ordered out of the automobile. A radio bulletin was transmitted to another officer who was with the complainant at her residence. The transmission, which could be heard by the complainant, indicated that the automobile had been located and that two men were being held. The complainant was brought to the gas station. When she and the officer who was with the complainant arrived, the defendant and the codefendant were standing together next to the automobile surrounded by other police officers. One of the officers testified that the defendant and the codefendant were handcuffed. The complainant identified them as the men who had taken her automobile. Under these circumstances, the showup identification should have been suppressed (*see People v James,* 218 AD2d 709, 710 [1995]). Since there was no evidence at the suppression hearing regarding an independent source for the complainant's in-court identification, the new trial on the charge of grand larceny in the fourth degree is to be preceded by an independent source hearing (*see People v James, supra*).

While the defendant's conviction of grand larceny in the fourth degree must be vacated, suppression of the complainant's showup identification does not require reversal of the defendant's convictions of criminal possession of stolen property in the fourth degree or unauthorized use of a vehicle in the third degree, in light of the strength of the evidence supporting those convictions independent of the complainant's

identification. Under the circumstances, there is no "reasonable possibility" that the trial court's verdict on the tainted count influenced its verdict on the other counts in a "meaningful way" (*People v Doshi,* 93 NY2d 499, 505 [1999]; *People v Baghai-Kermani,* 84 NY2d 525, 532-533 [1994]; *see People v Johnson,* 274 AD2d 402 [2000]; *People v Figueroa,* 219 AD2d 667 [1995]). Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.