■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEL WILSON, Appellant. [782 NYS2d 267]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered February 14, 2002, convicting defendant, after a jury trial, of two counts each of robbery in the first and second degrees, and sentencing him to four concurrent terms of eight years; and order, same court and Justice, entered on or about November 19, 2003, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

The suppression court should have granted defendant's motion to suppress his lineup identification on the ground that it had been rendered unduly suggestive by the single-photo showup that had immediately preceded it. The time interval between the display of the photo and the lineup was so brief that there is no basis for finding any attenuation. Although the court

conducted a thorough independent source hearing and correctly found that there was an independent source for the victim's in-court identification of defendant, this only rendered the in-court identification admissible, and the lineup should still have been suppressed (*People v Adams*, 53 NY2d 241, 250-252 [1981]). However, we find the error in admitting the lineup identification to be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). The victim, who had ample opportunity to view defendant at the time of the crime, made a highly reliable in-court identification, and there was compelling corroborating evidence placing defendant at the scene and establishing that he fled in a getaway car.

Defendant's CPL 440.10 motion alleged that his trial counsel had been ineffective at the *Wade* hearing for failing to make a proper argument for suppression of the lineup as tainted by the suggestive photo display. However, the *Wade* hearing record establishes that counsel made proper arguments in that regard. The CPL 440.10 motion also alleged that trial counsel should have called defendant's former attorney as a witness in support of defendant's claim that the lineup also violated defendant's right to counsel. We find that it was error to summarily deny this branch of the motion (*see People v Jenkins*, 68 NY2d 896 [1986]), which was supported by an affirmation from the former attorney which stated that prior to the *Wade* hearing he had informed trial counsel that he was willing and able to give specific testimony supporting defendant's claim that his right to counsel had attached at the lineup. Nevertheless, since we have found, on defendant's direct appeal, that the admission of the lineup was error, but that the error was harmless, we find that even if trial counsel should have taken further steps to advance the alternate ground for suppression, there was no prejudice to defendant (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]).

Defendant's challenge to the People's summation, which was made on different grounds from those raised on appeal, is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the challenged portion of the summation was fair comment on evidence that had been introduced by defendant (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998] [1992]).

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Gonzalez, JJ.