[835 NE2d 1220, 802 NYS2d 112]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEL WILSON, Appellant.

Argued June 9, 2005; decided July 6, 2005

### APPEARANCES OF COUNSEL

*Center for Appellate Litigation,* New York City (*David J. Klem* and *Robert S. Dean* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney,* New York City (*Frank Glaser* and *Donald J. Siewert* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and a new trial ordered, to be preceded by an independent source hearing.*

The People's eyewitness identified defendant in a pretrial lineup, which occurred almost immediately after a police officer had shown him defendant's photograph. Prior to trial, defendant moved to suppress the eyewitness's lineup identification, as well as his prospective in-court identification testimony. At the suppression hearing, Supreme Court denied defendant's motion, finding the lineup identification untainted by the eyewitness's viewing of the photo. Supreme Court did not consider whether there was a basis independent of the lineup for in-court identification testimony. On appeal, the Appellate Division held, and the People do not contest, that the lineup was rendered unduly suggestive by the photo viewing, and that Supreme Court should have suppressed the lineup. The Appellate Division affirmed defendant's conviction, however, concluding that Supreme Court had "correctly found" that the eyewitness had an independent source for his in-court identification testimony (11 AD3d 204, 205).

In so ruling, the Appellate Division erred. Because Supreme Court never took the additional step of determining whether an

---

\* Our decision renders academic defendant's appeal from the denial of his CPL article 440 motion.

independent source existed for the eyewitness's in-court identification, Supreme Court cannot be said to have ruled "correctly" when it never ruled at all. Further, although the Appellate Division may make a de novo independent source determination based on the evidence adduced at the suppression hearing (*see* CPL 470.15 [1]; *see also People v James*, 67 NY2d 662, 664 [1986]), the truncated inquiry in this case makes that impossible. Accordingly, we reverse defendant's conviction and remand to Supreme Court for it to conduct an independent source hearing prior to retrial (*compare People v James*, 67 NY2d at 664). We reiterate our caution in *People v Burts* (78 NY2d 20, 25 [1991]) that, in light of the "risk for completely renewed proceedings" whenever a pretrial identification is challenged, the People are generally well-advised to come forward with any independent source evidence at a *Wade* hearing so that the suppression court may, where appropriate, rule in the alternative.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSEN-BLATT, GRAFFEO, READ and R.S. SMITH concur.

On appeal from the order of the Appellate Division affirming the judgment of conviction and sentence, order reversed and a new trial ordered, to be preceded by an independent source hearing; appeal from the order of the Appellate Division affirming the denial of defendant's CPL 440.10 motion dismissed as academic, in a memorandum.