■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN K. WHITLEY, Appellant. [806 NYS2d 222]—

Appeal by the defendant from a judgment of the Supreme

Court, Suffolk County (Copertino, J.), rendered June 5, 2003, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

As the People correctly concede, however, a new trial is required because the Supreme Court did not obtain the defendant's written and signed consent to replace a regular juror with an alternate juror after the jury began its deliberations (*see* CPL 270.35 [1]; *People v Page*, 88 NY2d 1, 3 [1996]; *People v Williams*, 291 AD2d 466 [2002]; *People v Perez*, 237 AD2d 466, 467 [1997]). We note that oral consent will not suffice; the consent must be in writing, in open court, and made by the defendant personally in the presence of the court (*see* CPL 270.35 [1], *supra*).

In light of our determination, we do not reach the defendant's remaining contentions that he was denied the effective assistance of counsel because of counsel's failure to raise the affirmative defense to robbery in the first degree (*see* Penal Law § 160.15 [4]), and that he was improperly sentenced as a persistent violent felony offender. Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.