■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID GARBUTT, Appellant. [839 NYS2d 833]—

Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 27, 2005, upon a verdict convicting defendant of the crime of assault on a peace officer.

Defendant, an inmate, was charged with the crime of assault

on a peace officer. At the ensuing trial, 12 regular jurors and two alternates were chosen. Upon the close of the evidence and charge to the jury, County Court instructed the two alternate jurors to go into a separate waiting room. As the jury was deliberating, County Court became aware that one such juror was experiencing immense pain and was "in terrible condition." With counsel's consent, County Court met with this juror. It thereafter explained the situation to defendant and his counsel, asking whether defendant "consent[s] to [the juror's] release." Upon counsel's affirmative response, County Court placed his assent on the record and thereafter brought in an alternate juror to fill the vacancy. Having already deliberated for approximately 1½ hours, County Court directed the jury to "bring the alternate up to speed." Subsequently, the jury found defendant guilty and he was sentenced to a term of imprisonment.

On appeal, defendant contends that it is an error of constitutional (see NY Const, art I, § 2) and statutory (see CPL 270.35 [1]) dimension to substitute an alternate juror for a regular juror after deliberations have commenced, without first obtaining his written consent. We agree. Oral consent will not suffice. Rather, it "must be in writing and . . . signed by the defendant in person in open court in the presence of the court" (CPL 270.35 [1]; see People v Ortiz, 92 NY2d 955, 957 [1998]; People v Page, 88 NY2d 1, 8 [1996]) so as to confirm that all "constitutional requirements for waiving a jury trial are followed . . . once deliberations have begun" (People v Page, supra at 9; see NY Const, art I, § 2; People v Ryan, 19 NY2d 100, 105 [1966]). A failure to strictly comply with this requirement "infringes the defendant's fundamental, constitutional right to trial by a jury of 12" (People v Page, supra at 10; see People v Ortiz, supra at 957; Cancemi v People, 18 NY 128, 138 [1858]), because "it create[s] a situation where more than 12 jurors . . . have expressed their views about the evidence and the defendant's guilt or innocence" (People v Ortiz, supra at 957; see People v Ryan, supra at 103; People v Mitchell, 266 NY 15, 18-19 [1934]).

Here, defendant never consented to the juror's substitution by an in-court, signed writing. Despite the People's protestations that "there is no difference" between defendant's oral consent, effectuated through counsel in open court, and a signed writing which does the same, the constitutional command of a writing cannot be deemed "a dispensable technicality" (People v Page, supra at 10; see People v Ahmed, 66 NY2d 307, 311 [1985]; People v Whitley, 24 AD3d 473, 474 [2005]; see also People v Donnelly, 23 AD3d 921, 922 [2005]). Indeed, this unequivocal constitutional mandate has been scrupulously enforced to zeal-

ously guard the right it protects (*see People ex rel. Rohrlich v Follette*, 20 NY2d 297, 300 [1967]; *see e.g. People v Ahmed, supra; People v Ryan, supra*).

Defendant's failure to preserve this issue is not fatal where, as here, the error "impact[s] on the constitutional guarantee of [a] trial by jury, [which] implicates the organization of the court or the mode of proceedings prescribed by law" (*People v Ahmed, supra* at 310; *see People v Patterson*, 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]; *Cancemi v People, supra* at 138). Thus, we must reverse defendant's conviction, despite his oral acquiescence to the substitution and failure to formally preserve the issue (*see People v Page, supra* at 11; *People v Ahmed, supra* at 310; *People v Davis*, 274 AD2d 968, 968 [2000], *lv denied* 95 NY2d 933 [2000]; *cf. People v Agramonte*, 87 NY2d 765, 770-771 [1996]; *People v Alicea*, 276 AD2d 915, 917 [2000], *lv denied* 96 NY2d 780 [2001]). In light of this determination, we decline to address the other challenges to the judgment.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Sullivan County for a new trial.