■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY LAMBERT, Appellant. [843 NYS2d 173]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered October 19, 2004, convicting him of robbery in the second degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leventhal, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

That branch of the defendant's motion which was to suppress the showup identification testimony of the complainants should have been granted on the ground that the conduct by the police was unduly suggestive. The improper suggestive conduct included the arresting officer's comment to the complainants that "I have . . . one of the individuals" who robbed them, and the fact that, prior to the showup, the officer elicited an identification by one of the complainants of a mobile telephone stolen from that complainant and recovered from the defendant's person (*see People v Francis,* 303 AD2d 598 [2003]; *People v Pries,* 206 AD2d 873 [1994]). Since there was no independent source hearing, this Court cannot determine whether there was an independent source for the complainants' in-court identification testimony (*see People v Wilson,* 5 NY3d 778 [2005]; *People v Burts,* 78 NY2d 20, 25 [1991]).

However, the other evidence against the defendant, which included the in-court identification of the defendant by two police officers who saw the defendant with the complainants, pursued him, and arrested him within moments of the crime, and the recovery from the defendant's person of a complainant's mobile telephone, was overwhelming. The telephone contained the telephone numbers of that complainant's coworker and brother, and was the conduit for locating that complainant. It was identified by that complainant and admitted in evidence at the trial. Under the circumstances of this case, the erroneous admission of the complainants' identification testimony was harmless beyond a reasonable doubt (*see People v Harris,* 80 NY2d 796, 798 [1992]; *People v Mack,* 300 AD2d 254, 255 [2002]; *People v Perkins,* 155 AD2d 985 [1989]).

The defendant's contentions with respect to the adverse inference charge are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction. The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.