■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MARTIN, Appellant. [844 NYS2d 348]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered March 15, 2006, convicting him of robbery in the second degree, criminal solicitation in the second degree, tampering with a witness in the third degree, and intimidating a victim or witness in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's contention that the evidence was legally

insufficient to establish his guilt of criminal solicitation in the second degree, tampering with a witness in the third degree, and intimidating a victim or witness in the third degree is unpreserved for appellate review, since he failed to address any specific legal errors as a basis for dismissal of those counts in the trial court (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on these counts as well as on the count charging robbery in the second degree. Moreover, resolution of issues of credibility is primarily to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Patten,* 43 AD3d 964 [2007]; *People v Gonzalez,* 3 AD3d 579 [2004]).

As the People correctly concede, however, a new trial is required because the Supreme Court did not obtain written consent signed by the defendant in open court in the presence of the court, to replace two regular jurors with two alternate jurors after the jury began its deliberations (*see* CPL 270.35 [1]; *People v Page,* 88 NY2d 1, 3 [1996]; *People v Whitley,* 24 AD3d 473, 474 [2005]). Oral consent will not suffice (*People v Page,* 88 NY2d 1, 3 [1996]); the consent must be in writing, in open court, and made by the defendant personally in the presence of the court (*see* CPL 270.35 [1]).

In view of this disposition it is unnecessary to reach the defendant's remaining contentions. Crane, J.P., Florio, Lifson and Carni, JJ., concur.