THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BARKSDALE, Appellant. [887 NYS2d 186]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered November 13, 2006, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for

review the denial (Grosso, J.), after a hearing (Demakos, J.H.O.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The police received a radio report that two men, one of whom was carrying a green bag, were robbing a pharmacy. Less than 15 minutes later, and approximately four blocks from the pharmacy, they saw the defendant, whose clothing matched the description of the clothing of one of the men described in the radio report as a perpetrator, and who was carrying a green bag. The police stopped the defendant, and handcuffed him after he resisted. A witness to the robbery was brought to the location where the defendant was being held, and identified him as one of the robbers.

We reject the defendant's contention that the showup was unduly suggestive because he was handcuffed and the green bag was near him. It was not improper for the defendant to be handcuffed during the showup (*see People v Gonzalez*, 57 AD3d 560, 561 [2008]; *People v Berry*, 50 AD3d 1047, 1048 [2008]; *People v Annakie*, 47 AD3d 943, 944 [2008]), or for the green bag to be close to the defendant during the showup. The green bag was part of the description of the perpetrators and not a fruit of the crime (*cf. People v Francis*, 303 AD2d 598 [2003]; *People v James*, 218 AD2d 709 [1995]).

The defendant's contention that he was deprived of his constitutional right to a speedy trial (*see* CPL 30.20) is without merit. The delay in indictment was not inordinate, and much of the total delay was not attributable to the People. Moreover, as the defendant concedes, there is no indication that he was prejudiced by the delay (*see People v Taranovich*, 37 NY2d 442, 445 [1975]; *People v Romeo*, 12 NY3d 51 [2009]).

In light of our determination, we do not reach the defendant's remaining contention. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.