■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMINE TRAYLOR, Appellant. [892 NYS2d 179]—

The defendant's contention that the evidence presented by the People was legally insufficient to prove that he was one of two men who robbed the complainant is not preserved for appellate review inasmuch as the defendant did not specify that ground in his general motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Eugene*, 27 AD3d 480 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the contention raised by the defendant in his supplemental pro se brief, the showup at which he was identified by the complainant was not unduly suggestive (*see People v Annakie*, 47 AD3d 943, 944 [2008]; *People v Gilyard*, 32 AD3d 1046 [2006]). The showup was conducted in close spatial and temporal proximity to the commission of the crime, and the factual circumstances presented at the pretrial hearing represented an "unbroken chain of events" from the moment the defendant was apprehended until he was identified by the complainant (*People v Mitchell*, 185 AD2d 249, 251 [1992]; *see People v Annakie*, 47 AD3d at 944; *People v Gilyard*, 32 AD3d at 1046). Since the defendant failed to meet his burden of establishing that the showup was unduly suggestive (*see People v Berry*, 50 AD3d 1047, 1048 [2008]), it was not necessary for the People to establish that the complainant had a source for his in-court identification of the defendant independent of the showup (*see People v Coad*, 60 AD3d 963, 964 [2009]).

The defendant's remaining contention is without merit. Mastro, J.P., Fisher, Belen and Austin, JJ., concur.