■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TEATOM, Appellant. [936 NYS2d 379]—

Rose, J.

Defendant contends that the evidence of his intoxication while operating his vehicle is legally insufficient because he did not become intoxicated until after the unwitnessed accident. We cannot agree. A witness who came upon defendant at the accident scene testified that defendant was staggering in the middle of the road while talking on his cell phone and, when the witness rolled down his window and said "it looks like you have been drinking," defendant stated "well, I didn't start drinking until after I crashed." According to the witness, defendant had slurred speech, glossy eyes and appeared confused. A State Trooper dispatched to the accident scene found a half-empty bottle of vodka in defendant's car, but defendant was gone. Within an hour of the accident, another Trooper found defendant at his home and observed him to have glassy eyes, impaired motor coordination, slurred speech and a general odor of alcohol. Defendant failed a number of sobriety tests. The People also established that the weather was clear and dry at the time of the accident and that there was only a slight bend in the roadway where defendant's vehicle was found. Defendant told the Trooper who found him at home that he had had one or two beers at a party before the accident. While defendant claimed that he did not become intoxicated until he arrived home— where he allegedly downed four more beers and half a bottle of

whiskey before the Trooper arrived—and that his staggering on the road after the accident was a result of being struck by the airbag, we view the evidence in the light most favorable to the People and, accordingly, find that a jury could reasonably have concluded that defendant was intoxicated when he drove off the road (see People v Owens, 45 AD3d 1058, 1059 [2007]; People v Curkendall, 12 AD3d 710, 712-714 [2004], lv denied 4 NY3d 743 [2004]; People v Fitzgerald, 257 AD2d 679, 681 [1999], lv denied 93 NY2d 899 [1999]).

We find merit, however, in defendant's argument that County Court did not comply with CPL 270.35. That statute provides that a defendant's consent to the substitution of a juror after deliberations have commenced "must be in writing . . . signed by defendant in open court in the presence of the court" (CPL 270.35 [1]; see NY Const, art I, § 2). Here, County Court discharged juror No. 11 upon defendant's request, substituted the alternate with the direction that the jury begin deliberations anew and, the next day, defendant and his counsel executed a written consent to the substitution. Nothing in the record, however, indicates that the written consent was signed in open court in the presence of the court. The failure to strictly comply with the waiver requirement infringes on defendant's fundamental constitutional right to a trial by a jury of 12 and requires reversal (see People v Page, 88 NY2d 1, 8 [1996]; People v Garbutt, 42 AD3d 665, 666 [2007]; People v Whitley, 24 AD3d 473, 474 [2005]; see also People v Gajadhar, 9 NY3d 438, 445-446 [2007]). Accordingly, as the issue is one of constitutional dimension, reversal is required despite defendant's request for the substitution and failure to formally preserve the issue (see People v Garbutt, 42 AD3d at 667). Inasmuch as defendant is entitled to a new trial, we need not address his remaining challenges to the judgment.

Mercure, A.P.J., Peters, Lahtinen and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Rensselaer County for a new trial.