■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BUCKERY, Appellant. [12 NYS3d 291]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered February 26, 2014, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the facts, the conviction of criminal possession of stolen property in the fifth degree and the sentence imposed thereon are vacated, that count of the indictment is dismissed, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted to the extent that the showup identification of the defendant is suppressed, and a new trial is ordered on the counts of the indictment charging the defendant with robbery in the first degree and robbery in the second degree, to be preceded by a hearing to determine whether an independent source for the complainant's identification exists.

The defendant and three others were stopped by the police

as they were standing in front of a store within close spatial and temporal proximity of a reported knifepoint robbery. The description provided in the radio transmission was that there were three black males and one Indian male wearing dark clothing. A protective search of the suspects did not reveal any weapons, but a wallet belonging to the complainant reportedly was recovered from one of the suspects other than the defendant. At the suppression hearing, one of the officers testified that he walked up to the complainant holding the wallet, and that the complainant identified it immediately before being asked by the police whether he recognized any of the suspects, and identified all of them as the perpetrators.

Contrary to the hearing court's determination, we find that the showup identification in this case was unduly suggestive and should have been suppressed. While "prompt showup identifications by witnesses following a defendant's arrest at or near the crime scene have been generally allowed and have never been categorically or presumptively condemned" (*People v Duuvon*, 77 NY2d 541, 544 [1991]), the inquiry does not end there. "The People also have the burden of producing some evidence relating to the showup itself, in order to demonstrate that the procedure was not unduly suggestive" (*People v Ortiz*, 90 NY2d 533, 537 [1997]).

Here, when the complainant was in the presence of the four suspects, the complainant was asked to identify the proceeds of the crime immediately before identifying the defendant (*People v Lambert*, 44 AD3d 688, 689 [2007]; *People v Francis*, 303 AD2d 598 [2003]), rendering the procedure unduly suggestive. Contrary to the People's contention, the error in this single-witness identification case was not harmless beyond a reasonable doubt, and a new trial is therefore required (*see People v Clyde*, 18 NY3d 145, 153 [2011]; *People v Crimmins*, 36 NY2d 230, 237-238 [1975]). As the complainant did not testify at the suppression hearing, a de novo hearing is also required to determine whether he had an independent source for his in-court identification of the defendant, untainted by the prior suggestive viewing (*see People v Dubinsky*, 289 AD2d 415 [2001]).

In the exercise of our factual review power (*see* CPL 470.15), we find that the defendant's conviction of criminal possession of stolen property in the fifth degree was against the weight of the credible evidence. The property in question, the complainant's wallet, was not recovered from the defendant's person, and it is unclear from the trial testimony as to how the wallet was in fact recovered.

The defendant's remaining contentions are without merit. Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.