■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK B. HASKINS, Appellant. [29 NYS3d 409]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered February 26, 2014, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Paynter, J.), after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the facts, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted to the extent that the

showup identification of the defendant is suppressed, and a new trial is ordered, to be preceded by a hearing to determine whether an independent source for the complainant's identification exists, and that branch of the defendant's omnibus motion is otherwise denied.

The defendant and three others were stopped by the police as they were standing in front of a store within close spatial and temporal proximity of a reported knifepoint robbery. A protective search of the suspects did not reveal any weapons, but a wallet belonging to the complainant was reportedly recovered from one of the suspects. At the suppression hearing, one of the officers testified that while holding the wallet, he walked up to the complainant and that the complainant immediately identified it right before being asked by the police whether he recognized any of the suspects, whereupon the complainant identified all of them as the perpetrators. At the trial, the complainant testified that the defendant was the individual who took the complainant's wallet from his person. The jury found the defendant guilty of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree.

On appeal, the defendant contends that the jury verdict convicting him of criminal possession of stolen property in the fifth degree was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the jury's verdict of guilt as to criminal possession of stolen property in the fifth degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643 [2006]).

However, as the People correctly concede, and as we determined on a codefendant's appeal, the showup identification in this case was unduly suggestive and should have been suppressed (see People v Buckery, 130 AD3d 640 [2015]). When the complainant was in the presence of the four suspects, the complainant was asked to identify the proceeds of the crime immediately before identifying the defendant, rendering the procedure unduly suggestive (see id.; People v Lambert, 44 AD3d 688, 689 [2007]; People v Francis, 303 AD2d 598 [2003]). The error in this single-witness identification case was not harmless beyond a reasonable doubt, and a new trial is

therefore required (*see People v Clyde*, 18 NY3d 145, 153 [2011]; *People v Crimmins*, 36 NY2d 230, 237-238 [1975]). As the complainant did not testify at the suppression hearing, a de novo hearing is also required to determine whether he had an independent source for his in-court identification of the defendant, untainted by the prior suggestive viewing (*see People v Dubinsky*, 289 AD2d 415 [2001]). Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.