People v Simon (2025 NY Slip Op 00117)

People v Simon

2025 NY Slip Op 00117

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2018-01714
 (Ind. No. 2512/16)

[*1]The People of the State of New York, respondent,
v
Milton Simon, appellant.

Patricia Pazner, New York, NY (Alice R.B. Cullina of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), rendered December 12, 2017, convicting him of robbery in the first degree, attempted robbery in the first degree, criminal use of a firearm in the second degree, criminal possession of a weapon in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Suzanne Mondo, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is reversed, on the law and the facts, count 1 of the indictment charging the defendant with robbery in the first degree, count 4 of the indictment charging the defendant with grand larceny in the fourth degree, and count 10 of the indictment charging the defendant with criminal possession of stolen property in the fourth degree are dismissed, that branch of the defendant's omnibus motion which was to suppress identification evidence is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on count 12 of the indictment charging the defendant with attempted robbery in the first degree, count 23 of the indictment charging the defendant with criminal use of a firearm in the second degree, and count 25 of the indictment charging the defendant with criminal possession of a weapon in the second degree.
"Under CPL 270.35, once the jury has commenced deliberations an alternate juror may not be substituted for a regular juror unless the defendant consents to the replacement . . . in writing . . . signed by the defendant in person in open court in the presence of the court" (People v Page, 88 NY2d 1, 3 [internal quotation marks omitted]). Here, as conceded by the People, a new trial is required because the Supreme Court failed to obtain the defendant's written and signed consent to replace a regular juror with an alternate juror after the jury began its deliberations (see CPL 270.35[1]; People v Page, 88 NY2d at 3; People v Martin, 44 AD3d 794, 795; People v Whitley, 24 AD3d 473, 474).
The defendant was charged with committing two separate robberies in the early morning of March 22, 2016. The defendant challenges a showup identification by the complainant of the first robbery as unreasonable and unduly suggestive. As that complainant did not make an in-[*2]court identification of the defendant, the showup identification was the only evidence identifying the defendant as the perpetrator of the first robbery.
"Under New York law, showup identifications are strongly disfavored but are permissible if exigent circumstances require immediate identification, or if the suspects are captured at or near the crime scene and can be viewed by the witness immediately" (People v Ward, 116 AD3d 989, 991 [citation, alterations, and internal quotation marks omitted]; see People v Johnson, 81 NY2d 828, 831). "While the defendant bears the ultimate burden of proving that a showup procedure is unduly suggestive and subject to suppression, 'the People have the initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure'" (People v Benn, 177 AD3d 759, 760, quoting People v Chipp, 75 NY2d 327, 335). "The People's burden consists of two elements. First, the People must demonstrate that the showup was reasonable under the circumstances. Proof that the showup was conducted in close geographic and temporal proximity to the crime will generally satisfy this element of the People's burden" (People v Ward, 116 AD3d at 991 [internal quotation marks omitted]; see People v Ortiz, 90 NY2d 533, 537). "Second, the People must produce 'some evidence relating to the showup itself, in order to demonstrate that the procedure was not unduly suggestive'" (People v Benn, 177 AD3d at 760, quoting People v Ortiz, 90 NY2d at 537). Showup identifications "must be scrutinized very carefully for unacceptable suggestiveness and unreliability" (People v Duuvon, 77 NY2d 541, 543; see People v Ortiz, 90 NY2d at 537).
Here, the testimony at a suppression hearing established that the showup identification was conducted 1½ hours after police officers first learned of the first robbery from one of the complainant's coworkers. However, there was no testimony at the hearing as to when the first robbery occurred. Thus, the People failed to establish that the showup identification was conducted in close temporal proximity to the crime (see People v Johnson, 81 NY2d at 829-831; People v Knox, 170 AD3d 1648, 1650). Further, there was no unbroken chain of events or exigent circumstances that justified the showup identification, as the defendant was already under arrest for the second robbery (see People v Ward, 116 AD3d at 992; People v Johnson, 274 AD2d 402).
Moreover, as the defendant asserts, the People failed to establish that the showup identification was not unduly suggestive. Here, prior to the showup identification, the complainant was informed by the police officers that they had someone in custody who matched the description provided by the complainant. During the showup identification, the defendant was handcuffed with his hands behind his back and there were one to two police officers near the defendant as he was treated by emergency medical service providers. While these factors alone do not necessarily render a showup identification unduly suggestive, when viewed cumulatively with other factors, including that the officers informed the complainant that the defendant committed another crime around the corner, that the defendant's face was severely bruised and bleeding, and that it was "an active crime scene" with several surrounding officers dealing with witnesses "[y]elling and screaming," the showup identification was unduly suggestive (see People v Cruz, 129 AD3d 119, 126; Matter of James T., 81 AD3d 838, 839; People v Johnson, 274 AD2d at 402).
Under these circumstances, the Supreme Court should have granted that branch of the defendant's motion which was to suppress identification evidence, based upon the showup identification. Furthermore, as the showup identification was the only evidence that identified the defendant as the perpetrator of the first robbery, we are constrained to dismiss the counts in the indictment related to the first robbery (see People v Rossi, 80 NY2d 952, 954; People v Ridley, 307 AD2d 269, 270; People v Hargroves, 303 AD2d 766).
The defendant's remaining contentions either need not be reached in light of our determination or are without merit.
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court